B. Trower ceased to exist and the power also had ceased to exist. *Smyth v. Taylor*, 21 Ill. 296; 2 Sugden on Powers, 178. The deeds made in 1903 were conveyances in the interest of Julian and Galster to perfect the title in them and not deeds made to carry out the powers in the will of Thomas B. Trower. They were fraudulent for the reason they were an attempt to do indirectly what could not be done directly. *Henderson v. Blackburn*, 104 Ill. 227; *Whiton v. Whiton*, 179 Ill. 32; *Griffin v. Griffin*, 141 Ill. 373.

Appellants have neither by any assignment of error nor argument raised any question concerning either title by possession and payment of taxes or the numerical order in which the pieces of real estate should be sold.

The decree is justified by the record and is affirmed.
*Affirmed.*

**John Replogle, Appellee, v. Toledo, St. Louis and Western Railway Company, Appellant.**

(Not to be reported in full.)

Appeal from the Circuit Court of Coles county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

### Statement of the Case.

Action by John Replogle against Toledo, St. Louis and Western Railway Company to recover damages for the killing of a horse and a sheep alleged to have been caused by the failure of the defendant to maintain fences and for failure to construct and maintain cattle guards at road crossing. From a judgment in favor

of plaintiff for one hundred and eighty-seven dollars, defendant appeals.

A. J. FRYER and C. E. POPE, for appellant; CHARLES A. SCHMETTAU, of counsel.

J. H. MARSHALL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. RAILROADS, § 882*—*when place and manner in which stock was killed questions for jury.* In an action against a railroad for killing a horse alleged to have been caused by failure of defendant to construct and maintain cattle guards at road crossing, whether the horse was struck by defendant's locomotive while it was on defendant's right of way or whether the horse ran against the side of the engine in attempting to cross the track at the road crossing held questions for the jury.

2. SET-OFF AND RECOUPMENT, § 6*—*right of railroad company to set-off in action for negligently killing stock.* Railroad company is not entitled to have a claim for damages to its locomotive resulting from plaintiff's stock running against the side thereof, in an action against the company for negligently killing the stock, and refusal of court to give an instruction allowing defendant such set-off *held* not error.

3. SET-OFF AND RECOUPMENT, § 9*—*demands which may be set-off.* The nature of demands to which set-off may be pleaded is controlled by statute. Under R. S. c. 110, §§ 33, 47, J. & A. ¶¶ 8570, 8584; set-off is a proper plea in *assumpsit,* but not in an action on the case.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.